IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

The ESTATE OF MATTHEW CHAVEZ,
represented by MARY LISA CHAVEZ in
her official capacity as representative,
MARY LISA CHAVEZ, in her individual
capacity, TONY CHAVEZ, RAYMOND
CHAVEZ, ANTHONY JOHNSON,
and EVANY CHAVEZ by and through
Mary Lisa Chavez, as next friend and
guardian,

        Plaintiffs,

vs.                                         Case No. _____

VETERANS ADMINISTRATION, and
UNITED STATES GOVERNMENT

        Defendants.

## COMPLAINT

Matthew Chavez, by and through his personal representative, Mary Lisa Chavez, and Tony Chavez and Anthony Johnson individually, by and through their attorneys Jason Bowles of Bowles Law Firm and Robert Gorence of Gorence & Oliveros, P.C., present their Complaint against the Veteran's Administration and the United States Government.

### JURISDICTION AND VENUE

1. This is an action to recover damages and other relief under the Federal Tort Claims Act.

2. With respect to Plaintiffs' claims under the Federal Tort Claims Act, on or about October 21, 2015 an administrative claim was timely mailed to Veteran Affairs, and more than six months have passed since the Notice was submitted. Additionally, the Veterans Administration has issued a denial of the administrative claim. Pursuant to 28 U.S.C. § 2675(a), Plaintiffs are entitled to file this action.

1

3. Jurisdiction and Venue are proper in the District of New Mexico.

## PARTIES

4. Plaintiff "The Estate of Decedent Matthew Chavez" and Decedent Chavez, prior to death, was a Citizen of the United States and a Resident of the State of New Mexico.

5. Plaintiff Mary Lisa Chavez is a Citizen of the United States and a Resident of the State of New Mexico.

6. Plaintiff Anthony Johnson is a Citizen of the United States and a Resident of the State of New Mexico.

7. Plaintiff Tony Chavez is a citizen of the United States and a Resident of the State of New Mexico.

8. Plaintiff Raymond Chavez is a citizen of the United States and Resident of the State of New Mexico.

9. Plaintiff Evany Jade Chavez is a citizen of the United States and a Resident of the State of New Mexico, and is Matthew Chavez's minor daughter.

10. At all times material hereto, Defendants, Veterans Administration and United States of America, their agents and employees, were sovereign entities, subject to the provisions of the Federal Tort Claims Act.

## FACTUAL ALLEGATIONS

11. In 2013, Matthew Chavez lived with his brother, Tony, in Clovis. Tony reported to his mother that Matthew was "not right" and that Matthew would pace barefoot by the hour, talk to voices, and frequently burst out in laughter.

12. Matthew had unfortunately had several tragedies in his life with which he was attempting to deal with. He was severely depressed and had a tremendous amount of stressors in his life.

13. Matthew suffered from PTSD, and was a veteran of the United States Armed Forces.

14. Matthew Chavez's sister, Priscilla, saw Matthew gesturing with a knife, and later, placing a chair under a large tree branch grabbing the branch and kicking the chair out from underneath him. The following day he was found sitting on a bed with a shotgun pointed at his face. Days later, in March of 2015, he was hospitalized at UNM.

15. Matthew Chavez was hospitalized voluntarily in Albuquerque's Veteran's Administration hospital for six days in March 2015.

16. While in treatment, Matthew's goal was "stabilization" and Matthew admitted to "a little depression." Matthew denied any thoughts or behavior related to suicide. Matthew never mentioned his uncle's suicide, the traumatic death of his father, nor the loss of contact with his daughter.

17. After discharging from UNM, Matthew spent 8 days in jail and then was released to his mother's home in Albuquerque.

18. A few days later, on May 22, 2015, Matthew slit his wrist and overdosed. His wrist was treated with six sutures but Matthew was refused admission to the psychiatric services. The next day Matthew was transferred to the Albuquerque VA hospital.

19. At the VA Hospital, Matthew was identified as high risk for suicide. A safety plan was constructed and Matthew was expected to know it and use it. Matthew participated in a few therapy groups and contributed occasional bland comments but was unable to express strong feelings about any of the painful losses he had sustained.

20. Matthew, assisted by his social worker at the hospital, filled out an application for entry into the VA halfway house while commenting that he did not want to go there, that he "felt much better, etc."

21. While Matthew was at the VA hospital, Matthew's mother and his siblings were very active and proactive in his treatment. They discussed his medications, his past suicide attempts, and losses over the years.

22. Matthew's family was upset when they learned that the VA would discharge Matthew on June 2, 2015, despite obvious and continuing signs of distress and suicidal thoughts and disturbing behaviors.

23. On June 1, 2015, VA doctors had a family meeting to tell them Matthew would be discharged that afternoon and that follow-up appointments had been arranged at the VA outpatient clinic. Matthew's family and girlfriend were outraged, saying Matthew remained psychotic and highly suicidal. Doctors did not respond to the criticisms that were pointed at them, including the short duration of Matthew's admission and the lack of time to be assured if his newly prescribed medications were working.

24. Matthew was discharged to his family that evening instead of a halfway house.

25. June 16, 2015, Matthew Chavez committed suicide by hanging himself in his brother's backyard.

26. His suicide attempt was reasonably foreseeable and predictable to VA doctors, personnel and staff, given his history and past attempts and behavior.

27. Mr. Chavez remained under the medical care of the VA after his discharge.

28. The VA its doctors, employees and staff, had a duty to appropriately monitor Mr. Chavez during the time that they were in charge of his medical care, including after discharge.

29. At all times pertinent, all VA doctors, nurses, staff and personnel acted in the course and scope of their duties at the VA.

## COUNT I
## PLAINTIFFS' FEDERAL TORT CLAIMS ACT ACTION AGAINST DEFENDANT UNITED STATES OF AMERICA

30. Plaintiffs re-allege and incorporate by reference the preceding and succeeding paragraphs, inclusive of this Complaint for Damages, as if set forth fully herein.

31. Defendants owed a duty of ordinary and reasonable care, consistent with medical standards in the community, to Matthew Chavez in their treatment and medical care of him.

32. Defendants breached that duty and were negligent and did not exercise ordinary and reasonable care, consistent with the standards of medical care in the community, in caring for and treating Matthew Chavez.

33. Defendants were negligent in various ways and manners, including but not limited to, discharging Matthew Chavez from the VA hospital at a time when it was reasonably foreseeable and predictable that he would attempt to commit suicide, not providing adequate and appropriate care and follow up care to Matthew Chavez, prescribing him medications and not monitoring him appropriately to ensure that the medications were appropriate and working for him, and in such other ways as will be learned in discovery.

34. Such negligence caused Matthew Chavez damages, including committing suicide.

35. Defendants are liable to Mr. Chavez for those damages, including all damages available under New Mexico law, costs and fees as determined by the Court.

## COUNT II
## Loss of Consortium

36. Plaintiffs re-allege and incorporate by reference the preceding and succeeding paragraphs, inclusive of this Complaint for Damages, as if set forth fully herein.

37. All individual plaintiffs have been damaged by Defendants, for loss of consortium with Matthew Chavez, in an amount to be proven at trial.

38. All individual plaintiffs had a sustained, close familial relationship with Matthew Chavez, saw him frequently, and did everything they possibly could to help Matthew.

39. The Defendants' actions and negligent conduct caused Plaintiffs to lose Matthew and to suffer loss of consortium to be proven at trial, their costs and fees, as determined by the Court.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs demand judgment for compensatory and special damages against all Defendants, for costs, expenses and attorneys' fees, and for such other relief this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all counts so triable.

Respectfully Submitted,

*/s/ Jason Bowles*
Jason Bowles
Bowles Law Firm
P.O. Box 25186
Albuquerque, N.M. 87125-5186
Telephone: (505) 217-2680
Facsimile: (505) 217-2681
jason@bowles-lawfirm.com

and

Robert J. Gorence
Louren Oliveros
Gorence & Oliveros, P.C.
1305 Tijeras Avenue NW
Albuquerque, NM 87102
Telephone: (505)244-0214
Facsimile: (505)244-0888
gorence@golaw.us
oliveros@golaw.us

*Attorneys for Plaintiffs*